IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY GARFINKLE and EMILY GARFINKLE,<br><br>        Plaintiffs,<br><br>   v.<br><br>JPMORGAN CHASE BANK; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1-10,<br><br>        Defendants. | No. C 11-01636 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Docket No. 13). |

   Defendants JPMorgan Chase Bank and California Reconveyance Company move under Rule 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim.  Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion.

BACKGROUND

   This action relates to the pending trustee's sale of Plaintiffs' property by California Reconveyance Company (CRC).  The following facts are taken from Plaintiffs' Complaint and the exhibits provided by both parties, of which the Court takes judicial notice.

   In December 2006, Plaintiffs obtained a loan from Washington Mutual Bank (WaMu) in the amount of $1,250,000, secured by a first deed of trust on Plaintiffs' single-family home in Alamo,

California.[1]  The deed of trust for the transaction lists Plaintiffs as the borrowers, WaMu as the lender and beneficiary, and CRC as the trustee.  Defs.' Request for Judicial Notice, Ex. 1.  In November 2007, Plaintiffs obtained a WaMu Equity Plus home equity line of credit of up to $500,000 to finance monthly payments due on the original loan.  The deed of trust for the home equity line of credit lists Plaintiffs as the trustors, WaMu as the beneficiary, and CRC as the trustee.  Defs.' Request for Judicial Notice, Ex. 2.  On June 23, 2010, JPMorgan assigned its interest in the deed of trust for the original loan to Bank of America, N.A.  Defs.' Request for Judicial Notice, Ex. 5.  On the same day, CRC recorded a notice of default, which showed that Plaintiffs were $28,658.24 in arrears.  Defs.' Request for Judicial Notice, Ex. 6.

During the summer of 2010, in an effort to avoid foreclosure, Plaintiffs contracted with Dennis Reed to sell the property in a "short sale" for $1,400,000.  Pls.' Request for Judicial Notice, Ex. D.  In a telephone conversation with Reed, Kathy Small of JPMorgan Chase approved the short sale contract between Plaintiffs and Reed.  Compl. ¶ 12.  Ultimately, JPMorgan Chase refused to provide written escrow instructions to the title company for the transaction, and the property was not sold.  Compl. ¶ 14.  On September 27, 2010, CRC recorded a notice of a trustee's sale with the Contra Costa County Recorder's Office.  Defs.' Request for Judicial Notice, Ex. 7.

In March 2011, Plaintiffs filed this action against JPMorgan

---

[1] Defendant JPMorgan Chase Bank is Washington Mutual's successor-in-interest.

Chase and CRC in the Contra Costa County Superior Court. Docket No. 1. The Complaint alleges: (1) breach of contract against JPMorgan Chase; (2) wrongful trustee's sale in violation of Cal. Civ. Code § 2923.5 against all Defendants; (3) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., against CRC; and (4) wrongful foreclosure against all Defendants. On April 5, 2011, the Contra Costa County Superior Court granted Plaintiffs' unopposed motion for a preliminary injunction to halt the trustee's sale of Plaintiffs' property. Docket No. 1. Defendants removed the case to this Court on the basis of federal question jurisdiction and move under Rule 12(b)(6) to dismiss the Complaint for failure to state a claim.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether a complaint includes sufficient facts to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50

3

(2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). The court must examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

Defendants move to dismiss the Complaint, arguing that Plaintiffs have not plead sufficient facts to give rise to a facially plausible claim for relief. Plaintiffs admit in the Complaint that they filed this lawsuit to establish a dialogue with Defendants and, in their opposition papers, do not defend their claims for breach of contract, violation of Cal. Civ. Code § 2923.5, or wrongful foreclosure. They do express a desire to file an amended complaint.

The breach of contract and § 2923.5 claims fail because they are factually deficient and they are dismissed with leave to amend. Defendants argue that the § 2923.5 claim should be dismissed with prejudice because (1) Plaintiffs' Complaint suggests that Defendants complied with the requirements of the code and (2) a claim under this code section cannot proceed if a valid declaration of compliance was attached to a notice of default. However, Plaintiffs dispute the nature of the conversation between Dennis

4

1  Reed and JPMorgan Chase representatives, as well as the accuracy of
2  Clement Durkin's declaration of compliance.  These factual disputes
3  preclude the Court from finding that Plaintiffs cannot state a
4  § 2923.5 claim as a matter of law.
5       Plaintiffs do not state a claim for wrongful foreclosure
6  because they do not allege tender in the amount of the secured
7  debt, which is required to challenge a foreclosure.  See Abdallah
8  v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing
9  FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018,
10 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D.
11 Cal.).  Even if this deficiency were corrected, the claim fails as
12 a matter of law because Plaintiffs do not make a coherent argument
13 as to why CRC is not a valid trustee or why CRC cannot foreclose on
14 the property.  The Complaint alleges that Mortgage Electronic
15 Registration Systems (MERS) improperly substituted CRC as a trustee
16 but, as Defendants point out, MERS was never a beneficiary or
17 trustee listed on the deed of trust for the mortgage or the home
18 equity line of credit.  Rather, these documents identify WaMu as
19 the beneficiary and CRC as the trustee.  Furthermore, Plaintiffs
20 seek declaratory relief that MERS lacks authority to conduct a
21 trustee sale, but MERS has not initiated foreclosure proceedings or
22 sought to do so.  Rather, it is CRC that has initiated a non-
23 judicial foreclosure sale of Plaintiffs' property.  Because the
24 Complaint cannot be amended to state a claim for wrongful
25 foreclosure, Plaintiffs' claim is dismissed without leave to amend.
26      Plaintiffs' remaining allegation is that CRC violated the Fair
27 Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by failing
28

5

to provide a debt validation notice prior to recording a notice of default. Defendants argue that the claim fails as a matter of law because CRC did not engage in debt collection activity within the meaning of the FDCPA.

Within five days of making initial contact with a debtor "in connection with the collection of any debt," a debt collector must send the debtor a written notice containing the amount of the debt; the name of the creditor; the time period in which the validity of the debt may be challenged; and instructions explaining how the debtor may obtain further evidence of the debt and information about the creditor. 15 U.S.C. § 1692g(a). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

While the Ninth Circuit Court of Appeals has held that providing notice of a pending foreclosure sale is not a debt collection activity under the FDCPA, Santoro v. CTC Foreclosure Serv., 12 Fed. Appx. 476, 480 (9th Cir. 2001), it has yet to decide whether the act of foreclosing pursuant to a deed of trust is a form of debt collection. Other circuit courts have reached diverging opinions about the applicability of the FDCPA in the foreclosure context. Compare Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), reh'g granted in part and denied in part, 761 F.2d 237 (5th Cir. 1985) (holding that mortgagees are not

6

debt collectors under the FDCPA) with Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376-377 (4th Cir. 2006) (holding that a trustee sale is a debt collection under the FDCPA).  District courts in the Ninth Circuit have generally concluded that "foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the [Rosenthal Fair Debt Collection Practices Act] or the FDC[P]A."  Gamboa v. Trustee Corps, 2009 WL 656285 at *4 (N.D. Cal.); Landayan v. Washington Mut. Bank, 2009 WL 3047238 at *3 (N.D. Cal.) (dismissing plaintiff's FDCPA claim because "foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA"); Jozinovich v. JP Morgan Chase Bank, N.A., 2010 WL 234895 at *6 (N.D. Cal.); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863 at *2 (S.D. Cal.); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.").

    Plaintiffs have not plead that CRC has engaged in debt collection activities that bring it under the ambit of the Fair Debt Collection Practices Act.  As noted above, giving notice of a foreclosure sale to a consumer does not constitute debt collection activity under the FDCPA.  And although the Ninth Circuit Court of Appeals has not considered the issue, the weight of authority supports that a foreclosure is not a form of debt collection.  Because neither notice of a trustee's sale nor the sale itself falls within the scope of the FDCPA, Plaintiffs' claim fails as a matter of law and is dismissed without leave to amend.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Docket No. 13. Plaintiffs' claims for breach of contract and violation of Cal. Civ. Code § 2923.5 are dismissed with leave to amend. Plaintiffs' claims for wrongful foreclosure and violation of the Fair Debt Collection Practices Act fail as a matter of law and are dismissed without leave to amend. Plaintiffs are granted leave to amend their Complaint to state sufficient claims for breach of contract and violation of Cal. Civ. Code § 2923.5 if they can truthfully do so. Plaintiffs may file their amended complaint fourteen days from the date of this Order. Failure to file an amended complaint within fourteen days will result in a dismissal of their action for failure to prosecute.

If Plaintiffs file an amended complaint, Defendants shall answer or move to dismiss fourteen days after it is filed. Plaintiffs shall file an opposition fourteen days after Defendants file a motion to dismiss. Any reply will be due seven days after Plaintiffs file their opposition. Any motion to dismiss will be taken under submission on the papers. If the First Amended Complaint survives any motion to dismiss, a case management conference will be held on October 4, 2011 at 2:00pm.

IT IS SO ORDERED.

Dated: July 26, 2011

CLAUDIA WILKEN
United States District Judge